UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL RAY SHERRION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-01203-SRW |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on initial review of self-represented plaintiff Michael Ray Sherrion's amended complaint. For the following reasons, the Court will dismiss plaintiff's amended complaint without prejudice under 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a compliant filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## Background

Plaintiff filed this §1983 claim on September 25, 2023. On initial review pursuant to § 1915(e)(2), the Court found that plaintiff had not completed the majority of the complaint form; he had not mentioned defendants in the body of the complaint; he had not filled out his "Statement of Claim" or his "Injuries;" and he listed no causes of action. He sought $30 million in damages.

The Court returned the incomplete complaint form to plaintiff with specific instructions on how to file an amended complaint. Plaintiff filed his amended complaint on October 10, 2023, and it is this amended complaint that is subject to the Court's initial review.

## The Amended Complaint

Plaintiff, who is incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), brings this amended complaint on a court-provided civil complaint form for claims pursuant to 42 U.S.C. § 1983. He names as defendants the Missouri Department of Corrections and ERDCC.

Plaintiff has not completed the majority of the complaint form. He lists the defendants only in the caption, and not in the body of the complaint. He has not filled out his "Statement of Claim" on page 3. He states only "et al." for his Statement of Claim and "et al." for his Injuries. As for his

requested relief, he seeks $30 million in damages "et al." With respect to the grievance procedure at the prison, again, plaintiff just states "et al." Plaintiff has not stated any facts or any legal claims.

On December 1, 2023, plaintiff filed a supplement to his complaint, which included a copy of his Informal Resolution Request ("IRR") filed July 6, 2022 at ERDCC and two offender grievance appeals from ERDCC. His IRR states that in December, 2021, he submitted a medical request for a dental appointment. He saw the dentist in December, 2021, and again in May, 2022, and the dentist said he would pull plaintiff's tooth. As of the date of the grievance, the tooth had not been removed. On July 14, 2022, in response to the grievance, the dentist pulled plaintiff's tooth.

## Discussion

Plaintiff's amended complaint is incomplete. He lists no facts, no cause of action, and no injuries. He fills in the majority of the blanks on the form complaint with "et al." The Court is unsure of plaintiff's intent in stating "et al.," which is Latin for "and others."

Furthermore to the extent plaintiff seeks to allege a claim regarding his dental treatment, he has not done so. He has merely attached as a supplement his IRR and grievance appeal forms. The grievance response states that he saw the dentist in December, 2021, and May, 2022, and his painful tooth was extracted on July 14, 2022. The Court will not assume facts that plaintiff has not alleged. Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin*, 623 F.2d at 1286; *Stone*, 364 F.3d at 914-15. Plaintiff has alleged no facts in support of any claim for relief.

This is plaintiff's second time trying to assert a claim for relief. In a lengthy Memorandum and Order dated September 28, 2023, the Court gave plaintiff explicit instructions on how to file an amended complaint on the Court-provided form. *See* ECF No. 5 at 3-4. In particular, the Court instructed plaintiff to fill out the complaint form in its entirety and  "provide a short and plain

statement of the factual allegations supporting his claim." *Id.* at 3. The Court advised plaintiff that if he failed to file an amended complaint in accordance with these instructions, the Court would dismiss this action without prejudice and without further notice to plaintiff. *Id.* at 5. Plaintiff has not followed the Court's instructions, and has again submitted an incomplete complaint, stating no factual allegations and no claims. The Court will dismiss plaintiff's amended complaint for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's amended complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. An Order of Dismissal will accompany this Opinion, Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

Dated this 5th day of December, 2023.

                  HENRY EDWARD AUTREY
                  UNITED STATES DISTRICT JUDGE